**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
                                      :
RANDY BAADHIO,                        :   Civil Action No. 11-1235 (MLC)
                                      :
     Petitioner,                      :
                                      :         O P I N I O N
          v.                          :
                                      :
STATE OF NEW JERSEY,                  :
                                      :
     Respondent.                      :
                                      :
```

**COOPER, District Judge**

Petitioner, Randy Baadhio, filed a Petition for a Writ of Error Coram Nobis challenging a 2005 criminal conviction in New Jersey Superior Court, Mercer County.  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis and order the Clerk of the Court to file the Petition.  For the reasons stated below, this Court will summarily dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

**I.    BACKGROUND**

Though it is not entirely clear, it appears that Petitioner is requesting that this Court grant a writ of error coram nobis with respect to a 2005 conviction in New Jersey state court. Petitioner alleges that at the time he entered into the plea agreement for said conviction, he was suffering from AIDS-related dementia and was addicted to and under the influence of the drug Percocet.  Petitioner alleges that during the criminal

proceedings, he informed both the Judge and counsel of his condition and repeatedly asked for a competency hearing. (Pet. at 7.) However, his requests went unanswered. (Id.) It appears, but is not clear from the Petition, that at some point in 2005, Petitioner entered into a plea agreement resulting in Petitioner serving eighty percent of an eight year term. Petitioner does not provide any further details as to the conviction. Petitioner now asks this Court to grant a writ of error coram nobis as to the 2005 New Jersey State Court conviction.

## II. DISCUSSION

"In federal courts the authority to grant a writ of coram nobis is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" United States v. Denedo, 129 S.Ct. 2213, 2221 (2009) (quoting 28 U.S.C. § 1651(a)). Moreover, "[b]ecause coram nobis is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." Id. This Court lacks subject matter jurisdiction to issue a writ of coram nobis in this case, however, because "coram nobis is not available in a federal court as a means of attack on a state criminal judgment." Obado v. New

Jersey, 328 F.3d 716, 718 (3d Cir. 2003); accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992). This Court will not construe the Petition as one for a writ of habeas corpus as Petitioner specifically states that he does not intend for it to be so construed. (Docket Entry No. 2-1.) Further, even if this Court were to construe the Petition as one for a writ of habeas corpus, this Court lacks jurisdiction because it appears that Petitioner was not "in custody" under the challenged state conviction at the time he filed the Petition. See Obado, 328 F.3d at 717-18.

**III. CONCLUSION**

Based on the foregoing, this Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability. This Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: September 9, 2011