**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RANDY BAADHIO, | : | CIVIL ACTION NO. 11-1235 (MLC) |
|  | : |  |
| Petitioner, | : | **O P I N I O N** |
|  | : |  |
| v. | : |  |
|  | : |  |
| STATE OF NEW JERSEY, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

**THE COURT** having issued an Opinion and Order on September 12, 2011 ("Opinion and Order") dismissing the petition for writ of coram nobis (dkt. entry nos. 7 & 8); and it appearing that petitioner is moving for reconsideration of the Opinion and Order pursuant to Local Civil Rule 7.1(i) (dkt. entry no. 11); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000), that is granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly-discovered evidence, see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) that it

is necessary to correct a clear error of law or fact or to prevent manifest injustice, see id.; Cataldo, 361 F.Supp.2d at 432-33; and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, see Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision, see Tehan, 111 F.Supp.2d at 549; and it further appearing that a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the court, see Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

THE COURT having carefully reviewed the arguments of petitioner; and petitioner arguing that the petition should now be considered a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as he is now in "custody" (dkt. entry no. 11, Mot. for Recons. at 1); and

THE COURT finding that petitioner (1) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro, 238 Fed.Appx. at 793, and

2

(2) is merely recapitulating the arguments previously raised and asserting his disagreement with the Court's decision, see Arista Recs., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549; and the Court finding that petitioner has not shown a clear error of law or fact, see Max's Seafood Cafe, 176 F.3d at 677; and the Court finding that while petitioner may currently be in the custody of the State of New Jersey, it does not appear that he is in custody pursuant to the conviction he challenges in his petition; and the Court finding that petitioner in fact has a habeas petition pending before the Court challenging his current custody, see Baadhio v. State of New Jersey, Civil Action No. 11-7120 (JAP); and the Court concluding that reconsideration of the Opinion and Order is therefore inappropriate; and the Court thus intending to deny the motion for reconsideration; and the Court having considered the matter without oral argument pursuant to Local Civil Rules 7.1(i) and 78.1(b); and for good cause appearing, the Court will issue an appropriate order.

　　　　　　　　　　　　　　　　s/ Mary L. Cooper
　　　　　　　　　　　　　　**MARY L. COOPER**
　　　　　　　　　　　　　　United States District Judge

Dated:    November 13, 2012